NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA ex rel. GERMAINE MARKS, Director of Insurance,
*Plaintiff/Appellee,*

*v.*

RAYMOND MEROLLE, JR., *Claimant/Appellant.*

No. 1 CA-CV 13-0263
FILED 10-07-2014

---

Appeal from the Superior Court in Maricopa County
No. CV2010-015113
The Honorable Randall H. Warner, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Lynette Evans
*Counsel for Plaintiff/Appellee*

Baker & Baker, Phoenix
By Thomas M. Baker
*Counsel for Claimant/Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Michael J. Brown joined.

_____

**S W A N N**, Judge:

¶1          The superior court entered a civil forfeiture judgment in favor of the state with respect to contraband motor vehicles and parts seized during a criminal investigation of the appellant.  We reject the appellant's contention that the petition for forfeiture was untimely asserted by a plaintiff without standing.  We also reject the appellant's contentions that the relevant statutes did not require the state to prove its case and that the state improperly sought to distribute forfeited items to third parties.  We affirm the judgment and the court's denial of the appellant's motion for new trial.

## FACTS AND PROCEDURAL HISTORY

¶2          In early 2006, a special agent of the Arizona Department of Insurance's Fraud Unit came to believe that Raymond Merolle, Jr., was involved in criminal activity related to stolen property.  In connection with an investigation of Merolle, the agent obtained search warrants for several properties in Maricopa County.  Execution of the search warrants led to the seizure of numerous motor vehicles and parts.  Merolle was later convicted of theft and arson.

¶3          In March 2010, the Arizona Attorney General's Office determined that it would not proceed with further criminal action against Merolle, and the seized property was released to the Department of Insurance.  In May 2010, the state filed a petition under Title 28 of the Arizona Revised Statutes for forfeiture of seized vehicles and parts that the state alleged qualified as contraband.  Merolle promptly filed a verified claim disputing the contraband status of the items.  After a five-day bench trial, the superior court found that the majority of the items were contraband and ordered those items forfeited to the state.  The court denied Merolle's motion for a new trial.

## DISCUSSION

¶4        Merolle makes several arguments on appeal.  First, he contends that the plaintiff in the forfeiture action did not have standing.  The petition was brought by the "State of Arizona ex rel. Christina Urias, Director of Insurance,"[1] represented by the Arizona Attorney General's Office.  "A suit *ex rel.* is typically brought by the government upon the application of a private party (called a *relator*) who is interested in the matter."  Black's Law Dictionary 621 (8th ed. 2004).  We conclude that the Director of the Department of Insurance was a proper relator.  Consistent with A.R.S. §§ 20-466(D) and 28-4594(B)(1), the Department's Fraud Unit acted as a law enforcement agency to investigate Merolle and to seize and store property.  When faced with the question of how to dispose of the property, the Department appropriately applied to the Arizona Attorney General's Office to commence forfeiture proceedings.  *See* A.R.S. § 28-4594(B)(2)(b)-(c) (authorizing county attorney or state attorney general to file petitions for forfeiture of contraband motor vehicles and parts).

¶5        Merolle next contends that the forfeiture petition was not timely filed.  A.R.S. § 28-4594(B)(2)(b) and (c) provide that petitions for forfeiture shall be filed "within sixty days after the date of seizure *or* such other reasonable time as is set by the court."  (Emphasis added.)  The contraband vehicles and parts were seized in 2006.  The items were then held as evidence for potential criminal charges.  The petition was filed approximately two months after it was determined that no further charges would be filed.  On this record, we discern no abuse of discretion in the superior court's finding that the petition was filed within "a reasonable time under the circumstances."

¶6        Merolle next contends that the burden of proof in the forfeiture proceedings was improperly shifted by A.R.S. §§ 28-4594 and -4595.  A petition for forfeiture must "set forth probable cause that [an] item is contraband."  A.R.S. § 28-4594(B)(2)(b)-(c).  "[A] motor vehicle or major component part of the vehicle that has had the manufacturer's or department's serial or identification number removed, defaced, altered or destroyed . . . [is] contraband."  A.R.S. § 28-4594(A).  If a claimant timely disputes the contraband status of the item in a verified claim, the court "shall conduct a hearing to determine whether the item seized is contraband."  A.R.S. § 28-4595(A)-(B).  At the hearing, "[i]f a claimant does not prove by a preponderance of the evidence that the original identification numbers can be permanently restored to the contraband or that the item can be

---

[1]        Germaine Marks was later automatically substituted for Christina Urias.  *See* Ariz. R. Civ. P. 25(e)(1); ARCAP 27(c)(1).

rendered noncontraband, the court shall declare the item contraband." A.R.S. § 28-4595(C).

¶7 Merolle argues that under the statutes, the state was not required to prove at the hearing that the items were contraband. He is incorrect. The superior court specifically held:

> A.R.S. §§ 28-4594 and 28-4595 do not say that the State bears an initial burden at trial of demonstrating probable cause for forfeiture. As a matter of due process, however, it must do so. A claimant is not required to put on a case unless and until the State has made a prima facie case by establishing probable cause for forfeiture.

We agree with the superior court's analysis. The burden that § 28-4595(C) imposes upon the claimant presupposes that the state has proven the contraband nature of the items, and therefore properly describes a defense to a prima facie case. We see nothing in §§ 28-4594 or -4595 that improperly shifts the initial burden of proof to the claimant. Further, it is apparent from the record that the court properly assigned the initial burden of proof to the state.[2] Merolle does not challenge the sufficiency of the state's proof or the court's findings regarding the contraband nature of the items.

¶8 Merolle finally contends that the state improperly sought to distribute the contraband items to third parties who did not appear in the action. The state distinguished between three categories of motor vehicles and parts: (1) items for which the owners had been identified and the original identification numbers could be permanently restored; (2) items for which the owners had been identified and the original identification numbers could be temporarily restored; and (3) items for which the owners could not be identified and the

---

[2] Merolle complains that there was a "disparity in the parties' position and access to information . . . evident from [his] Motion to Compel Discovery or in the Alternative Preclude and the trial court's order denying [him] information regarding the location of the confidential VINs [vehicle identification numbers] and even photographs of the confidential VINs." But the court actually granted Merolle's motion in part, ruling that if the state intended to rely on the location and appearance of confidential VINs it would have to disclose to Merolle its evidence regarding the same. Contrary to Merolle's contention, this ruling supports our conclusion that the superior court properly required the state to prove its case.

original identification numbers could not be permanently or temporarily restored. Consistent with A.R.S. §§ 28-4594(A) and -4595(C), the first category of items describes noncontraband and the second and third categories describe contraband. Under § 28-4594(B)(2)(a), noncontraband items must be returned to their owners. With respect to contraband items, § 28-4594(B)(2)(b) and (c) provide that the state should file a petition for forfeiture "to th[e] state for use or other appropriate disposition by the law enforcement agency that seized the item or for such other disposition that the state deems appropriate." The state's professed intention to dispose of forfeited contraband items by returning them to their owners, where known, was entirely proper under the language of the statute. Contrary to Merolle's contention, those owners did not need to appear as "claimants" under A.R.S. § 28-4595. That statute applies to persons who dispute the contraband status of seized items. A.R.S. § 28-4595(A). It does not govern the rights of owners who seek the return of contraband items forfeited to the state.

## CONCLUSION

¶9 We affirm for all of the reasons set forth above. We deny Merolle's request for attorney's fees and costs under A.R.S. § 12-348. Section 12-348 does not apply to proceedings brought by the state under Title 28. A.R.S. § 12-348(H)(2). And in any event, Merolle would not be entitled to an award because he has not prevailed on the merits. *See* A.R.S. § 12-348(A).



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh